I think we're ready to hear arguments in the first case. Martinez-Perez v. Barr. Good morning. Good morning. May it please the Court, my name is Mark Barr. I'm here on behalf of the petitioner, Mr. Martinez-Perez. When Congress leaves a gap or an ambiguity in a statute, the agency administering... Could you bring the mic closer to you? Yes. The agency administering that statute has an implied delegated authority to fill in the gap or resolve the ambiguity, making a policy choice about which interpretation of the law it prefers. As long as that policy choice is a reasonable construction of the statute, this Court must defer. We have an example of that agency rulemaking at play here. In matter of Isidro, the Board of Immigration Appeals held that the age of a cancellation applicant's son or daughter must be under 21 at the time the relief application is adjudicated. The Board could have picked another date for determining a child's age. When the cancellation applicant was first placed in proceedings, when he filed his relief application, or when the evidentiary record was closed, the statute did not dictate one method, but the Board settled on the policy choice of the time of adjudication rule. But just as the Board had the authority to make that initial policy choice, so, too, does it have the authority to craft a modification or an exception to that rule. It even suggested... Well, on that point, the Board said it had no jurisdiction. And that is the nub of the argument. We think it did have jurisdiction. The statute is ambiguous. Well, it's undisputed that at the time the child was over age to qualify, right? Depending on how you determine the age of the child. And that's the issue you thought the Board should get into. I beg your pardon? That is the issue you wanted the Board to get into. That is whether they can reach the question... Yes. ...of what timeline do we have here. Do we look at when they first tried to get into the exception, or whether we look at the fact at present? The current rule, again, under the Board's precedent in matter of Isidro, is we look at the time that the application was finally ruled upon. And, yes, Judge Briscoe, Mr. Martinez-Perez's daughter was over 21 at that time. But in matter of Isidro, the Board suggested that there could be an exception if there had been undue or unfair delay. Mr. Martinez-Perez thinks his case qualifies and had hoped that the Board would create an exception. So that's your argument here on appeal. Yes. Your argument on appeal isn't the underlying rule, but rather that you're trying to invoke the exception. That the Board had the power to do that. Now, I have no idea if the Board would create an exception. They might decide, no, we're going to make this one uniform rule with no exceptions, despite the suggestion in matter of Isidro. They might say there could be an exception in the future, but Mr. Martinez-Perez doesn't qualify. But in the matter of Isidro, they didn't go there, right? They didn't. They just said, well, there's a possibility, but in this case we need not go there. That's correct. And they might not ever go there. Go ahead. Finish your sentence. But what the Board did here was not say that they're declining to make an exception. They said they had no power, that they were powerless. But the agency does have that power when we're dealing with an ambiguous statute. I have a question about exhaustion. Yes. You did not argue that point before the BIA, did you? I wasn't counsel below. Okay. Nobody argued it first. Well, they didn't argue it well. There are two parts to the argument. The one part is the unfairness. But you conceded in your brief that you hadn't raised it. You said that you didn't. The brief says the petitioner did not argue cancellation eligibility before the BIA. Correct. The applicant, Mr. Martinez-Perez, conceded that his daughter was over 21 and therefore didn't qualify as a qualifying relative. So the only way you can avoid exhaustion is because the BIA brought it up itself. Isn't that right? No. I think there are two ways. And one, and I'll get to that, the fact that the Board sui sponte raised it is one. I think it was raised not as well as it could have been in this sense. Again, there were two components to the argument. One was simply the unfairness. And he was complaining about the unfairness from the get-go. He argued that in front of the judge. He argued it in front of, in the notice of appeal and then in his briefing. Now, the remedy that counsel suggested, that shifted over time. In front of the judge, counsel argued for administrative closure as a way to fix this unfairness. In the notice of appeal, and this is, I think, where we get closest to having satisfied this. Notice of appeal to the BIA. To the BIA. In the notice of appeal, and this is on page 50 of the administrative record, he argued that the time, the age should be equitably told. That's basically what we're saying here. Now, he could have expounded upon that. He could have gone into the reasons why a matter of a cedro should have an exception. The unfairness argument was essentially due process. Yes. Okay. And had the Board simply declined to address that because he wasn't explicitly asking for this remedy, then you're right. I think there would be a very good exhaustion argument. But the Board did raise it. Well, but we have strict limits on when we will say that something is considered exhausted because the agency addressed it. And it doesn't look like those requirements were satisfied here. I would respectfully disagree. We have one sentence by the BIA. Is that correct? Correct. But if the Board is claiming it has no authority, what more is to be said? Why do they need to write an exegesis on saying that they can't do something that it's being asked to do? Well, isn't exhaustion based upon the assertion of the petitioner rather than how the Board responded to the petitioner? I think if you're looking for an exception to the exhaustion argument, the fact that the Board sua sponte raised it, and they were on notice that this had something to do with the unfairness. So you argued equitable exception. You simply didn't put a statutory citation to it, a rule or authority cite to it. Prior counsel did not cite matter of Isidro or say it as explicitly as we're saying it here in the briefing. I mean, you did not invoke that Isidro Camarena case before the BIA. Prior counsel did not talk about it. You meaning prior counsel, yeah. Did not mention it. But he did say we think you should consider this under rules of equity. Yes. And that's what Isidro Zamorano said was that maybe under equity we might consider these kind of things. Correct. So I think the gist of the argument was in there, even if it wasn't fleshed out in detail. And certainly the Board understood what was being asked of it. It recognized that he was complaining that he didn't have a chance to have a hearing. I'm not sure you can say anything that's certain with one sentence, and our presence seemed to go that way. But let me ask you a more fundamental question. Yes. The regulation refers to children under 21. It doesn't say children of whatever age. It seems to think that, okay, this child has serious concerns, but we're only giving protection as long as that child is a minor. Well, under 21. You've got that relief here. The petitioner stayed in this country until after the child was 21. So I don't understand this exception anyway. Maybe I can put it this way. If you get to stay because your child is under 21 and has these serious problems, what happens when the child turns 21? Can the government then seek? No. You cannot. No. So they would be able to protect the child while the child is under 21, but then it's a permanent protection against being removed? If cancellation is granted, the person would become a lawful permanent resident. Now, certainly if they did something to violate their status, if they committed a crime, they could sign themselves back in deportation proceedings, but merely because their child turned 21. So it's a permanent cancellation. Yes, and it puts them on a path towards citizenship. Do you understand the rationale behind that? It's not for me to delve into the reasons behind what Congress said, but that's what they said. And you're right. The statute is clear that child means someone under 21, but what is not clear, what is not said in the statute is when you determine that age. And, again, there can be these various time points in the process, all of which have good policy justifications. But the BIA has made that choice. It has. Do you have any evidence in this record that the delay was related or motivated by a desire to cause the child to reach the age of 18 or 21? No. I don't think there was any malice, but there were repeated denials of requests to have. But there's no assertion that this is a pattern of practice by the BIA to delay these proceedings until children reach age of majority? No. Again, there's nothing purposeful here to hurt Mr. Martinez-Perez, but there were the immigration court denied or ignored repeated requests to expedite the hearing, alerting the court. This is not something where the court was simply unaware and suddenly it became too late, oh, so sorry, too bad. Well, but you alerted them only for that last setting, wasn't it? No. Did you alert them throughout on the earlier settings as well? In earlier settings. All the way through? All the way through, yes. Obviously, as the age became more and more close to 21, those requests became more urgent. Did the petitioner ever request any continuances during that period of time? At the very, very beginning, when they had just retained counsel, as is standard practice, they asked for that first continuance to prepare the case. So that happened in 2010. The case was set for merits in the summer of 2011, and Mr. Martinez-Perez came prepared. You have to submit a lot of documents for a cancellation hearing, country condition reports, evidence of good moral character, of course the hardship, continuous physical presence, all the criminal documents, a brief on criminal admissibility, a brief on the hardship, a witness list. All of this was submitted by the deadline in early July. The record is opaque about what actually happened, but it certainly looks like it wasn't petitioner's fault. All the evidence was in there. He was in court. His counsel was in court. And suddenly things were set over to 2012, and then the court on its own motion set it over to 2014, and then 2019. These were beyond his control except for that initial time to find counsel and to prepare his case. There is an alternative argument here, and I know that this panel is very familiar with that. In the alternative, we are seeking a termination to a defect in the initial document that initiated removal proceedings. Similar to the arguments made to this court in May, in a pair of cases, we would argue that the notice to appear, as we've learned from Pereira, must contain all of the information that's listed in the statute, including the time and place of the initial hearing. The notice in this case that was filed with the court lacked that information, and as Pereira instructs us, a notice to appear missing that information is not a notice to appear, and to the extent that the case-initiating regulations refer to a notice to appear... But Pereira had a different issue, and you even concede that in your briefs. Yes, it was a very narrow issue, and the court resolved that issue before it regarding the stop-time rule. Nevertheless, it spoke in very broad definitional terms and said that whenever this term, this phrase, notice to appear is used throughout the statute, we look at this definition. And we've had several rulings from sister circuits saying that you lose on this point, right? Things are not going well. In fact, is there any circuit that has ruled in your favor? The closest was Ortiz-Santiago in the 7th Circuit, and they did find that a notice to appear lacking the date and time was deficient for purposes of initiating the case. Where the twist they gave the case, and this also applies in the 4th, 5th, and 11th Circuit, is that they said this is not really a jurisdictional issue in the way we understand subject matter jurisdiction. That's already been conferred by statute. They said this is a claim-processing rule. This just talks about what's the procedure for actually starting a case? And because it's a claim-processing rule, it's something that can be forfeited if not raised early enough. In that particular case, in Ortiz-Santiago, they said that even though these arguments were made shortly after Pereira was issued, they said, well, he should have been aware that there was still one circuit that had held out, and that should have given that person the ammunition to make the argument earlier. The lack of proper notice in this case was not raised timely, was it? Well, certainly, if we followed Ortiz-Santiago, it would be a similar reasoning. My position would be that Pereira was revolutionary. Nobody saw it coming.  What you've provided me, the notice you've provided me, is inadequate. I would argue that until Pereira, there was no clue that that notice would be considered deficient. And in this case, within a month of Pereira, we were making that argument. I see that my time is up. Thank you. Thank you, Counsel. Good morning, Your Honors. My name is Linda Doe, and I represent the respondent, the United States Attorney General. As Petitioner set forth, one of the key issues in this case is his ineligibility for cancellation of removal. In this instance, the Board properly held that it was without jurisdiction to grant cancellation of removal in light of his concession that he was unable to meet the prerequisites under 8 U.S.C. section 1229BB1D. But is that the argument he was raising? He conceded that she already was aged out of the exception. That's really not his argument. His argument was, by the continuances, repeated continuances, by the agency, she became aged out. Well, Your Honor, as Petitioner argues, that matter of procedural permits an exception. And the Board's decision does not support that. In matter of procedural, the Board held that we find no basis in law in which to grant cancellation of removal where an applicant, in Petitioner's circumstances, who loses a qualifying relationship even before an immigration judge adjudicates the issues on the merits, would nonetheless be eligible for such relief. That holding forecloses the possibility of an exception. But Isidro didn't have the facts that we have in this case, did it? I did not have similar facts, Your Honor. But the Board held that the application is a continuing application. And its interpretation permitted for the accrual of additional equities as well as hardships that would occur following the filing of such application. And that's including with regards to the birth of a new child, marriage to a United States citizen, as well as additional hardships such as a serious accident or an illness. Otherwise, it could not be the basis of a motion to reopen. Well, don't you have equities here? Equitable problems here? It wasn't the Petitioner's fault that this thing was continuously continued. Well, the Board explained that it was required to interpret the statute consistently without regards to the factual circumstances underlying the case as well as whether its interpretation harmed or benefited a particular individual's interest. And this Court has held where the Board's interpretation is reasonable, the Court shall defer to it and need not be persuasive with eloquent clarity. But they dismissed this on jurisdictional grounds. And you've just been discussing that they can address equities, they can look at all kinds of things in their work. Well, the Board explained that it's bound by Congress's requirements for cancellation relief, which requires a qualifying relative, and in this instance, a child, an unmarried person under the age of 21, as well as it's bound by its precedential decision in matter residuo. This Court indicated that the agency acts as a lawmaking authority when it issues a binding precedential decision. And the alternate proposal or interpretation that Petitioner had requested, the Board had addressed in its decision in matter residuo. It stated that the Child Status Protection Act, which assesses the age of a child at the time of an application is filed, to prevent the child from aging out due to administrative delays, did not apply to cancellation removal because the Child Status Protection Act does not reference the cancellation statute. In light of that, that interpretation has already been addressed and denied in matter residuo. So you're saying that there are some situations where aging out is considered, but in this particular cancellation removal, it's not? Did I misunderstand you? That's correct. There are circumstances where it protects the child from aging out. But those are statutes specifically focusing on the child's protection? Yes, Your Honor. Rather than cancellation removal, which focuses on the alien, or the person subject to removal? Correct. But also, one of the reasons why it does not apply in this instance is because it does not reference the cancellation statute. Do you think the BIA did or didn't have jurisdiction to consider this issue, had it been, in your opinion, properly raised? Well, Your Honor, I think it did address the issue. It basically stated that it's a continuing application, and its interpretation provides for or can benefit the alien during those delays. It considered it by saying, did it consider it by saying we're going to deny relief, or did it consider it by saying we don't have jurisdiction to consider it? In this instance, it says it did not have jurisdiction in light of the statutory requirements and its precedential decision. So it didn't consider the merits? In its precedential decision in matter residuo. I'm talking not about its precedent. In this particular case, did it consider the merits, or did it simply say we don't have jurisdiction? The board held it didn't have jurisdiction in light of petitioner's concession. That's what I'm asking for. Yes. In this particular instance. What do you mean in light of the petitioner's concession? The key issue in this instance, Your Honor, is that it was prior to the merits hearing, and it is at a threshold eligibility determination that petitioner conceded his ineligibility. When he stated that he did not have a qualifying relative, he left unanswered a number of questions, including whether his convictions were a bar to his eligibility for such relief. In this instance, petitioner had a conviction for petty theft, domestic violence assault, regular assault, as well as two DUIs, and a conviction for driving. Are you saying those are, as a matter of law, absolutely disqualifying, or simply to be considered? They can be disqualifying offenses. I'm not asking whether they can be. They could be considered. But are you saying that, jurisdictionally, those disqualified him from consideration for cancellation of relief? Yes, they are statutory bars to cancellation of relief if they constitute crimes of moral turpitude or a crime of domestic violence. But that's an open question. The reason why it's an open question, Your Honor, is because petitioner, at the threshold eligibility determination hearing, stated he was ineligible on another ground. He said, at that hearing, before any adjudication on the merits, he stated, I'm ineligible for any other form of release besides admin closure because I do not have a qualifying relative. Therefore, the agency did not have the opportunity to reach the other statutory requirements for passing cancellation. Yeah. So, yeah, those issues are untouched. I mean, no one's adjudicated them. Exactly, Your Honor. So there are still many questions unanswered. There's still the issue of whether a petitioner would have been able to even demonstrate the high level of hardship needed. On Judge Hartz's point, was there exhaustion here? Oh, regarding, well, Has the petitioner raised the issue before the board that he is raising here? No, Your Honor. I believe he argued that he believed that he would be statutorily eligible if his child was still under the age of 21. But that has not been proven. Did he argue that he is timed out, essentially, because of the delays by the agency? Did he argue for equitable relief? He requested for admin closure before the immigration judge. And before the board, he requested termination of his proceedings. Because of? Because of administrative delays. And did the board respond to that argument? The board stated that it was denied the motion to terminate in light of Pereira. And then further stated that the board could not grant cancellation removal in light of his concession, that he could not meet the statutory prerequisites for cancellation and removal. But is that a, is he now seeking a statutory exception, or is he seeking some kind of equitable concession exception under ISDORA? Under what, Your Honor? Under the DICTA in ISDORA Zamorano. Well, that's exactly it, Your Honor. That is DICTA. The board stated that. Well, I'm not asking about DICTA or not, but I'm saying he could concede I don't have a statutory right. And that's not inconsistent with him coming back and saying, but there is this possible equitable right that I might have that was at least suggested in DICTA in ISDORA Zamorano. And since that's a possibility, I'd like to have you consider that. And then the question is, was that argument ever raised to the board or to the BIA on appeal? The closest the petitioner had raised was to request that the child, the status of his child be told. And that has been addressed in matter of Isidro. The status of the child is told is under the Child Status Protection Act. And the board said in Isidro that it did not apply. So I believe that has been addressed in the board's precedential decision. The board said that it rejected the argument that it thought the petitioner was making, which it described as a due process claim. It says, in addition, the respondent argues that the immigration judge denied him due process by delaying the adjudication, et cetera. And that's the only argument he made before the BIA, which is not the argument he's making here. Is that correct? Isn't that correct? That's correct, Your Honors. And nonetheless, to establish a due process violation, the petitioner must establish that he has been prejudiced. The petitioner conceded that he was ineligible for such relief. So he has not established that he had been prejudiced. And it was at his threshold eligibility determination that he admitted it, therefore foreclosing answering the other questions of whether he would have otherwise been eligible. Petitioner cannot establish that he's been prejudiced when he hasn't shown that he would have otherwise been eligible for cancellation relief. Did he make the argument that when he initially applied, his child qualified? Even if to say that his child qualified does not show that he was not precluded due to a criminal alien bar or that he hadn't otherwise established that. But the board didn't go to those issues in its resolution of this case. That's exactly, Your Honors, because petitioner conceded it. The petitioner conceded that his child was over age at this point. Yes, and declined to pursue his cancellation application further. At his final hearing before the immigration judge, he said, I'm only eligible for admin closure and voluntary departure. In essence, declining to pursue his cancellation application further. But admin closure is exactly the title of the relief he's seeking. Isn't that right? Isn't he saying, for equitable reasons, I want that? So that claim, it seems to me, was raised. Administrative closure is a... That's the mechanism that he is now seeking to cure what he thinks is an equitable injustice. I believe in petitioner's opening brief, he's requesting now that the case be remanded so that the board can issue an alternative interpretation or an exception to what's already bound by a matter of recedro. He's not asking for admin closure. But I thought we were going down the road of exhaustion and what he had asserted below. And if he sought admin closure, isn't that actually the relief that he's seeking here? Make it all go away. Let me stay in this country with my child. As an initial response, for admin closure, when he did not assert any error and the immigration judge's denial in his appeal to the board. So that is unexhausted. Okay. The headings in his brief, the only one relevant here is, the board had jurisdiction to entertain an alternate interpretation of when a child's age is to be assessed for cancellation. That's the only argument on the merits made on appeal. That argument was not made before the BIA. Correct? I'm trying to help you. Yes. Sorry. It's a rope. Correct your honors. Okay. And he's saying that the reason the BIA didn't address that issue is because it said it didn't have jurisdiction to raise that issue. I do not read the BIA's decision as saying that. What it said on jurisdiction is, neither the board nor the immigration judge has jurisdiction to grant his application in the absence of the respondent, establishing that he is a qualifying relative at the time of the hearing. Which is not saying we lack jurisdiction to determine whether he had a qualifying relative at the time of the hearing. So I don't see how this comes under our exception for exhaustion. Agreed, your honors. Those would be two separate arguments. If we proceed, are there any further questions? If we go further, I would also like to address Petitioner's second argument regarding the immigration court's jurisdiction. Every circuit that has addressed the issue has denied Petitioner's argument that termination of proceedings is warranted. Where an NTA lacks a time and date of the initial hearing. And there are a number of reasons to do so. Including with regards to the fact that the Supreme Court's decision in Pereira specifically stated that was a narrow issue, addressing the statutory definition of a notice to appear and the stop time rule for cancellation or relief. It did not address the immigration court's jurisdiction, how jurisdiction vests, and how the court manages procedures regarding case docketing. I further argue that the NTA was in accordance with the regulations setting forth how jurisdiction vests with the immigration court. The regulations and the statute for NTAs address different audiences and serve different purposes. Under the regulations, the NTA provides, the regulations provide what information that should be provided for the immigration court. Whereas the statute addresses what information should be provided to the alien. And as such, where it was here, the regulations do not require the initial date and time of the hearing to be included in the NTA. It was not deficient under regulations. Thank you. Thank you, Your Honors. I request that the court deny the petition for review. Thank you, Counsel. Thank you both for your arguments this morning. The case is submitted.